UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

AMANDA ROSS                                         CIVIL ACTION NO. 14-2279

VERSUS                                              JUDGE S. MAURICE HICKS, JR.

ELISABETH CEBALLOS, ET AL.                          MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss (Record Document 7) filed by Defendants Elisabeth Ceballos and Motel 6 Operating, L.P. ("Defendants"). Defendants seek dismissal of Plaintiff Amanda Ross' ("Ross") Title VII lawsuit on the ground that it is untimely and prescribed on the face of the complaint. See id. Ross has opposed the motion. See Record Document 11. For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED** and Ross' complaint is **DISMISSED WITH PREJUDICE**.

**BACKGROUND**

On July 8, 2014, Ross filed the instant lawsuit asserting claims under Title VII and Louisiana state law. See Record Document 1. Her claims arise out of her employment with Defendant Motel 6 Operating, L.P. and her subsequent termination in July 2010. See id. at ¶¶ 3, 6, 18. Ross filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). See id. at ¶ 22. She received her right to sue letter on February 13, 2013. See id. at ¶ 24.

The instant case is the third lawsuit Ross has filed alleging the same factual allegations. The first lawsuit was filed on December 21, 2010 in the First Judicial District Court for Caddo Parish. See Record Document 1-3 (Ross v. Motel 6 Operating, L.P., et al., 11-cv-0202). The case was removed to this Court on February 3, 2011. See Record

Documents 1 & 7 (Ross v. Motel 6 Operating, L.P., et al., 11-cv-0202).  A "Joint Stipulation & Notice of Dismissal Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii)" was filed on May 12, 2011, stating:

> Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), the parties hereby jointly stipulate to the dismissal of the matter entitled "Amanda Ross v. Eilsbeth (sic) Ceballos and Motel 6 Operating, LP," in its entirety and WITHOUT PREJUDICE.

Record Document 18 (Ross v. Motel 6 Operating, L.P., et al., 11-cv-0202).

Ross' second lawsuit alleging claims under Title VII was filed in the Western District of Louisiana on May 13, 2013.  See Record Document 1 (Ross v. Elisabeth Ceballos, et al., 13-cv-1155).  On October 18, 2013, an Order of Dismissal pursuant to Local Rule 41.3 was entered because "service of the summons and complaint was not made within 120 days of the institution of this civil action and [Ross] has failed to show good cause for this deficiency."  Record Document 8 (Ross v. Elisabeth Ceballos, et al., 13-cv-1155).  Ross was given thirty (30) days to reinstate the action for good cause shown, but she failed to do so.  See id.

## LAW AND ANALYSIS

**I.    Rule 12(b)(6) Standard.**

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted."  While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-1965 (2007); see also Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir.2007).  A plaintiff's obligation

"requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. The Supreme Court expounded on the Twombly standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. See In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2009).

**II.   Analysis.**

Plaintiffs asserting employment discrimination claims under Title VII must exhaust administrative remedies before pursuing claims in federal court. See Taylor v. Books A Million, Inc., 296 F.3d 376, 378-379 (5th Cir. 2002). "Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." Id. at 379. Title 42, United States Code, Section 2000e-5(f)(1) provides that claimants have ninety days to file a civil action after receipt of a right to sue letter from the EEOC. See id. "This requirement to file a lawsuit within the ninety-day limitation period is strictly construed." Id.

Ross does not dispute that she received her right to sue letter on February 13, 2013 and that her 2013 lawsuit was filed within 90 days of receiving such letter. See Record Document 11 at 1. However, she argues that "[b]ecause the original complaint [13-cv-1155] was filed within 90 days of receiving the right to sue letter and was subsequently dismissed without prejudice, the new complaint [14-cv-2279] should not be dismissed." Id.

In Carter v. Tex. Dep't of Health, 119 Fed.Appx. 577 (5th Cir. 2004), Carter argued on appeal that his current action, which was untimely on its face, should relate back to his original action filed in 1999, which had been dismissed without prejudice. See id. at 581. The original action was timely filed within ninety days of Carter receiving his right to sue letter. See id. at 579. The Fifth Circuit held that such facts did not warrant equitable tolling and/or relation back. See id. at 580-581. In regards to relation back, the Fifth Circuit reasoned:

> Carter finally argues that this action relates back to the original action filed in 1999 and dismissed in 2000. Rule 15(c) allows for an amendment of a pleading to relate back to the date of the original pleading in certain circumstances. Fed.R.Civ.P. 15(c). The district court properly held that the "original pleading" may not be a pleading filed in a different case. While this Court has not specifically addressed whether Rule 15(c) provides for a complaint in one case to relate back to a complaint in another case, other courts have answered the question in the negative, holding that Rule 15(c) pertains only to pleadings within the same case.

Id. at 581.

In Neal v. Xerox Corp., 991 F.Supp. 494 (E.D. Va. 1998), aff'd, 155 F.3d 560 (4th Cir. 1998), Neal received her right to sue letter on October 4, 1996. See id. at 495. She timely filed a Title VII action on December 26, 1996. See id. On June 2, 1997, the action was voluntarily dismissed without prejudice pursuant to Rule 41(a). See id. Prior to the Rule 41 dismissal, counsel for Xerox cautioned counsel for Neal "to research whether they would be able to refile . . . Neal's case after taking a Rule 41(a) voluntary dismissal." Id. at 495-496. On June 4, 1997, Neal's counsel refiled her lawsuit. See id. at 496. Xerox moved to dismiss the second lawsuit as untimely under 42 U.S.C. § 2000e-5(f)(1). See id. at 498. Neal argued that she was entitled to equitable tolling of the 90-day limitation period. See id. The court disagreed, holding:

> Neal's arguments are insufficient to save her suit. The simple fact that her complaint now before the court was not filed within the 90 day statutory limitation period precludes her Title VII claims. The limitation period in Title VII is clear–a civil litigant may bring his or her own suit within 90 days after receiving a right-to-sue letter from the EEOC. Civil suits may not be brought, however, after the expiration of the 90 day period. . . . Neal received her right-to-sue letter on October 4, 1996, and filed her present Title VII action on June 4, 1997. Her lawsuit was filed more than 90 days after receipt of the right-to-sue letter and is therefore time-barred. . . . Neal argues that the pendency of her first complaint tolled the 90 day limitation period. She is incorrect. . . . Where an action is voluntarily dismissed without prejudice, the parties are left as if the action had never been brought. Consequently, the statute of limitations is not tolled by filing an action that is subsequently voluntarily dismissed. These principles have been applied to Title VII actions.

Id. at 498.

Based on these cases, it is clear that Ross has failed to state a claim upon which relief can be granted because her Title VII claims are untimely on the face of the complaint. Ross received her right to sue letter on February 13, 2013; yet, she did not file the instant lawsuit until July 8, 2014, well outside the 90-day limitation period. Thus, her Title VII claims are barred by Section 2000e-5(f)(1).[1]

## CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss (Record Document 7) is **GRANTED**. All of Ross' Title VII and state law claims are **DISMISSED WITH PREJUDICE**, as such claims are untimely and are prescribed on the face of the complaint.

---

[1]Ross has alleged state law claims under Title VII's state law equivalents, La. R.S. 23:301, *et seq.*, and La. R.S. 51:2256. These claims arise under Louisiana tort law and have a one year liberative prescriptive period that can be extended for a maximum period of six months while the claim is pending with the EEOC. See La. R.S. 23:303(D); Frazier v. Radio Shack Corp., No. 10-00855, 2014 WL 988576, *3 (M.D.La. Mar. 11, 2014).
Ross was terminated in July 2010. Thus, her filing of this complaint on July 8, 2014 is well over the eighteen month prescriptive period. Her state law claims are, therefore, prescribed as a matter of law.

A judgment consistent with the terms of the instant Memorandum Ruling shall issued herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 2nd day of July, 2015.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE